[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
RE: (#118) PLAINTIFF'S MOTION TO REOPEN JUDGMENT OF DISMISSAL
On February 14, 2002, the date assigned for a court trial of the above matter, the plaintiff corporation appeared and, through its counsel, moved for permission to substitute David Cayer as the plaintiff.
The defendant objected to the substitution of the plaintiff.
The reason given for the substitution was that the corporate plaintiff had dissolved since the commencement of the action and that David Cayer had been assigned the corporation's assets, including its claims against the defendant in the instant case.
In response to inquiry by the court, the plaintiff could offer no credible evidence of any such assignment by the corporation to Cayer.
There being no credible evidence concerning the fact of such assignment, including the date, the terms and/or the scope of such assignment to Cayer, the court denied the motion to substitute Cayer for the corporation plaintiff.
There was no credible evidence that Cayer was in any way authorized to act on behalf of the corporate plaintiff.
Based on the same lack of credible evidence, the court entered a judgment dismissing the action for lack of a proper party plaintiff at the time of trial.
On March 25, 2002, the court reiterated its judgment of dismissal in a written memorandum of decision.
On June 3, 2002, the corporate plaintiff filed the instant motion (#118) to reopen the judgment of dismissal. CT Page 10736
The defendant has filed an objection to said motion.
The plaintiff filed the motion pursuant to § 17-42 et seq. of the Practice Book. That section of the Practice Book deals with defaults where no judgment has been rendered. It is inapplicable in the instant case where a judgment was rendered.
The defendant argues that because a judgment entered, the plaintiff was obligated to file a timely appeal if it wished to have the judgment set aside. The court agrees.
For the foregoing reasons, the plaintiff's motion to reopen the judgment is hereby denied.
By the Court,
Joseph W. Doherty, Judge